| | | | |
|---|---|---|---|
| Case No. | ED17CV01044-CAS(KSx) | Date | December 4, 2017 |
| Title | DANETTE MULVANEY ET AL. v. CALIFORNIA HIGHWAY PATROL ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Connie Lee | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Alan Vertun | Evan Sorem |
| Burton Jacobson | |

**Proceedings:** DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS (Dkt. 20, filed September 29, 2017)

## I. INTRODUCTION & BACKGROUND

On May 23, 2017, plaintiffs Danette Mulvaney, Anita L. Evans, and Della Smith filed a complaint in the instant action against defendants California Highway Patrol ("CHP"), Deborah D. Garcia, John Perry, CHP Captain Tom Harvey McCreary, CHP Captain Merrit Mielke, CHP Lieutenant Shann Setter, CHP Captain Patrick Rowe, and Does 1 to 25.[1]  Dkt. 1 ("Compl."). On August 23, 2017, defendants filed an answer to the complaint. Dkt. 16.

On September 29, 2018, defendants filed the instant motion for judgment on the pleadings. Dkt. 20 ("Motion"). On November 14, 2017, defendants filed a notice of non-opposition to the instant motion. Dkt. 24. On November 15, 2017, plaintiffs filed their opposition. Dkt. 25 ("Opp'n").

---

[1] The Court subsequently dismissed Doe defendants 11 through 25 on August 31, 2017. Dkt. 18.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | ED17CV01044-CAS(KSx) | Date | December 4, 2017 |
| Title | DANETTE MULVANEY ET AL. v. CALIFORNIA HIGHWAY PATROL ET AL. | | |

Plaintiffs are three call center dispatchers who assert three claims—one on behalf of each plaintiff—for civil rights violations in violation of 42 U.S.C. § 1983. Plaintiffs are public safety dispatchers, employed by the CHP. Compl. ¶ 1. Individual defendants Garcia and Perry are also public safety dispatchers, and are the immediate supervisors of plaintiffs. Id. ¶¶ 3, 9. Individual defendants McCreary, Mielke, Setter, and Rowe are allegedly sworn peace officers and employees, agents, policy-makers, and representatives of the CHP. Id. ¶¶ 3, 7. All individually named parties are employed at the Communications Center in Barstow. Id. ¶¶ 3, 4, 9.

Plaintiffs allege that all individually named defendants were CHP employees who acted within the course and scope of their employment, and that their allegedly wrongful acts flow from the exercise of their authority and were done with the permission and authority of their co-defendants. Id. ¶¶ 3, 7 10, 13, 14. Plaintiffs allege that each individual named as a defendant is sued in their individual and official capacity, and also allege that defendant CHP is responsible for the conduct of its officers and employees. Id. ¶ 12.

Plaintiffs further allege that defendants harassed, brutalized, bullied, intimidated, and caused a great deal of stress leading to assaults and batteries towards plaintiffs. Id. ¶ 15. Plaintiffs assert that Garcia and Perry repeatedly used profanities towards plaintiffs and created a hostile work environment, all of which violated the rights of each plaintiff. Id. ¶¶ 15, 17.

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARDS

A motion for judgment on the pleadings brought pursuant to Federal Rule of Civil Procedure 12(c) provides a means of disposing of cases when all material allegations of fact are admitted in the pleadings and only questions of law remain. See McGann v. Ernst & Young, 102 F.3d 390, 392 (9th Cir. 1996). In considering a Rule 12(c) motion, the district court must view the facts presented in the pleadings and the inferences to be drawn from them in the light most favorable to the nonmoving party. NL Indus. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986); In re Century 21–Re/Max Real Estate Adver. Claims Litig., 882 F. Supp. 915, 921 (C.D. Cal. 1994). For purposes of the motion, the moving party concedes the accuracy of the factual allegations of the complaint, but does

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | ED17CV01044-CAS(KSx) | Date | December 4, 2017 |
|---|---|---|---|
| Title | DANETTE MULVANEY ET AL. v. CALIFORNIA HIGHWAY PATROL ET AL. | | |

not admit other assertions that constitute conclusions of law or matters that would not be admissible in evidence at trial. Charles Alan Wright et al., 5C Federal Practice and Procedure § 1368 (3d ed.).

In deciding a motion for judgment on the pleadings, the court generally is limited to the pleadings and may not consider extrinsic evidence. See Fed. R. Civ. Proc. 12(c) (stating that a Rule 12(c) motion for judgment on the pleadings should be converted into a Rule 56 motion for summary judgment if matters outside the pleadings are considered by the court). However, "[i]t is well-settled that materials properly attached as exhibits to the complaint and matters that are subject to judicial notice may ... be considered in evaluating a motion for judgment on the pleadings." Thomas v. Fin. Recovery Servs., No. 12-cv-01339-PSG-OP, 2013 WL 387968, *2 (C.D. Cal. Jan. 31, 2013) (citing Amfac Mortg. Corp. v. Ariz. Mall of Tempe, Inc., 583 F.2d 426, 429–30 & n. 2 (9th Cir. 1978); Buraye v. Equifax, 625 F. Supp. 2d 894, 896–97 (C.D. Cal. 2008)). In addition, a district court can consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002). The court can also consider documents on which the complaint "necessarily relies." See Parrino v. FHP. Inc., 146 F.3d 699, 706 (9th Cir.), cert. denied, 525 U.S. 1001 (1998), superseded by statute on other grounds as recognized in Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676 (9th Cir. 2006).

Although Rule 12(c) contains no mention of leave to amend, "courts generally have discretion in granting 12(c) motions with leave to amend, particularly in cases where the motion is based on a pleading technicality." In re Dynamic Random Access Memory Antitrust Litig., 516 F. Supp. 2d 1072, 1084 (N.D. Cal. 2007). There is a strong policy in favor of allowing amendment, unless amendment would be futile, results from bad faith or undue delay, or will unfairly prejudice the opposing party. Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994).

## III.    DISCUSSION

Defendants assert that they are entitled to judgment as a matter of law. First, defendants contend that the CHP is immune from plaintiffs' claims due to the doctrine of sovereign immunity. Motion at 6. Because plaintiffs admit that CHP is a California

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES – GENERAL**

| Case No. | ED17CV01044-CAS(KSx) | Date | December 4, 2017 |
|---|---|---|---|
| Title | DANETTE MULVANEY ET AL. v. CALIFORNIA HIGHWAY PATROL ET AL. | | |

governmental entity, the doctrine of sovereign immunity accordingly bars each plaintiff's section 1983 claim against CHP. Id. at 7 (citing Guzman v. Van Demark, 651 F. Supp. 1180, 1183 (1987)).

Second, defendants argue that plaintiffs' allegations demonstrate that the six individual defendants are sued in their official capacity, yet the Supreme Court has expressly held that state officials acting in their official capacity are not "persons" subject to liability under section 1983. Id. at 8.

Third, defendants argue that a section 1983 claim against an individual defendant requires that plaintiff alleged that the conduct was "under the color of state law." Id. Defendants argue that plaintiffs allege no facts describing "personal acts" by McCreary, Mielke, Setter, or Rowe. Id. Plaintiffs merely allege that these individual defendants are employees of the CHP, and that each defendant's acts flowed from the exercise of their authority. Id. at 11. Defendants argue that these vague allegations are insufficient to plead section 1983 claims against McCreary, Mielke, Setter, and Rowe. D.

Fourth, defendants assert that the statute of limitations for a section 1983 claim is two years. Id. (citing Joes v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004)). Defendants argue that plaintiffs fail to allege acts by any defendants—including specifically Garcia or Perry—that show violations of plaintiffs' civil or constitutional rights within the statute of limitations. Defendants contend that plaintiffs' claims are barred by the two-year statute of limitations. Id. at 12.

In opposition, plaintiffs respond that they sufficiently allege that all defendants are liable under section 1983 "because of the conduct that has been alleged in the Complaint" and the resulting alleged hostile work environment. Opp'n at 2. Moreover, plaintiffs contend that the alleged acts demonstrate an "extremely hostile work environment" which had been reported to superiors—the officer defendants in the instant action—and that the hostile environment continues to this day. Id. at 5. They contend that an employer is subject to vicarious liability to a victimized employee for an actionable hostile work environment created by a supervisor, and Garcia and Perry—as supervisors—"terrorized, assaulted, and battered the dispatchers." Id. at 8. In sum, because plaintiffs allege that their constitutional rights were violated by CHP, Perry, Garcia, and the named officer supervisors, all of whom did nothing to correct this situation, there is "no immunity for the CHP, or any of the individual defendants." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | ED17CV01044-CAS(KSx) | Date | December 4, 2017 |
|---|---|---|---|
| Title | DANETTE MULVANEY ET AL. v. CALIFORNIA HIGHWAY PATROL ET AL. | | |

Plaintiffs further assert that their claims are not time-barred. Id. at 9. Plaintiffs contend that the hostile work environment commenced when Garcia and Perry began working ten years prior, and that the hostile work environment continues to the present day. Id.

As an initial matter, the Court observes that plaintiffs' opposition is untimely under L.R. 7-9. Notwithstanding plaintiffs' untimely filing, the Court proceeds to analyze defendants' moving papers and grants defendants' motion for judgment on the pleadings.

With respect to Smith's and Mulvaney's claims, the Court finds that these claims appear to be time-barred. For any claim brought under 42 U.S.C. § 1983, the forum state's statute of limitations controls. Section 1983 actions asserted in California are subject to a two-year statute of limitations. Owens v. Okure, 488 U.S. 235, 250 (1989) (the statute of limitations for a § 1983 claim is determined by borrowing the forum state's statute of limitations for personal injury claims); Cal. Code Civ. Proc. § 335.1 (prescribing two-year statute of limitations for personal injury claims). To determine whether plaintiffs filed their claims within the applicable statutory limitations periods, the Court first must determine when plaintiffs' claims accrued. Under governing federal law, "a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Knox v. Davis, 260 F.3d 1009, 1013 (9th Cir.2001) (internal quotation marks and citation omitted). As a result of the alleged harassment, Smith sought transfer from her position to a new work location—away from defendants—in or about March of 2015, and began work at a new location on June 1, 2015. Compl. ¶ 33, 34. With respect to Mulvaney, the most recent alleged behavior appears to have occurred on August 11, 2014. Id. ¶ 39. Both Smith and Mulvaney knew of the injuries arising from the alleged hostile work environment at the time defendants engaged in allegedly hostile behavior. Accordingly, given that plaintiffs filed the instant action on May 23, 2017, it appears that Smith and Mulvaney's claims are time-barred.[2]

Nonetheless, the Court finds that the CHP is absolutely immune from suit in federal court. "The Eleventh Amendment has been authoritatively construed to deprive federal courts of jurisdiction over suits by private parties against unconsenting States."

---

[2] Evans, unlike Smith and Mulvaney, alleges conduct that occurred on January 6, 2017. Accordingly, the Court finds for purposes of the instant motion that Evans' claim is timely.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED17CV01044-CAS(KSx) | Date | December 4, 2017 |
|---|---|---|---|
| Title | DANETTE MULVANEY ET AL. v. CALIFORNIA HIGHWAY PATROL ET AL. | | |

Seven Up Pete Venture v. Schweitzer, 523 F.3d 948, 952 (9th Cir. 2008) (citing Seminole Tribe v. Florida, 517 U.S. 44, 54 (1996)). This immunity applies to state agencies as well as the states themselves. Fund for Animals, Inc. v. Lujan, 962 F.2d 1391, 1397 (1992). As a state agency of California, and because the state of California has not consented to suit, the CHP is absolutely immune from suit in federal court. O'Leary v. California Highway Patrol, 923 F.2d 862 (9th Cir. 1991).

     Moreover, the Eleventh Amendment bars plaintiffs' claims against defendants insofar as they are sued in their official capacities for money damages. Id. Plaintiffs assert in their pleadings that "each Defendant who is a person is sued both in their individual and personal capacity as well as in their official capacity." Compl. ¶ 12. Insofar as plaintiffs properly allege that defendants are sued in their individual capacities, section 1983 creates a cause of action against any person who, acting under color of state law, abridges rights established by the Constitution or laws of the United States. Henderson v. City of Simi Valley, 305 F.3d 1052, 1056 (9th Cir. 2002). The statute "is not itself a source of substantive rights." Rather, it provides "a method for vindicating federal rights elsewhere conferred." Baker v. McCollan, 443 U.S. 137, 145 n. 3 (1979). Accordingly, to plead a section 1983 claim, plaintiffs must allege (1) that defendants violated their federal civil rights and (2) that they acted under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Baker, 443 U.S. at 140. Assuming arguendo that defendants are sued in their individual capacities, the enforcement scheme set forth in Title VII—applicable here because plaintiffs allege hostile work environment—is the *exclusive* means for enforcing the statutory rights guaranteed by that act, thereby precluding resort to section 1983. See Martin A. Schwartz, Sec. 1983 Litig. Claims & Defenses, § 4.03.

     Insofar as plaintiffs allege constitutional claims related to Title VII claims, plaintiffs would be required to demonstrate that they are part of a protected class. Yet, as to plaintiff Smith, plaintiffs allege that her section 1983 claim is "based upon violations of [her] civil rights." Compl. ¶ 25. As to plaintiff Mulvaney, plaintiffs allege that her section 1983 claim arises under the "First, Fourth, and Fourteenth Amendments," id. ¶ 36, and as to plaintiff Evans, the section 1983 violations are premised on "violations of [her] civil rights," id. ¶ 43. In light of the foregoing, the Court finds that the allegations fail to identify the ways in which defendants' actions infringed on plaintiffs' constitutional rights, how these actions were under the color of law, and whether

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED17CV01044-CAS(KSx) | Date | December 4, 2017 |
|---|---|---|---|
| Title | DANETTE MULVANEY ET AL. v. CALIFORNIA HIGHWAY PATROL ET AL. | | |

plaintiffs are part of a protected class. Accordingly, the Court **GRANTS** defendants' motion for judgment on the pleadings.

### IV. CONCLUSION

In accordance with the foregoing, this Court hereby **ORDERS** that defendants' Motion for Judgment on the Pleadings is **GRANTED**. Plaintiffs shall have **thirty (30) days** leave to amend from the date of this order to cure the deficiencies identified herein.

IT IS SO ORDERED.

00 : 11

Initials of Preparer    CL