UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'    JS-6

| Case No. | 5:17-cv-01044-CAS(KSx) | Date | February 26, 2018 |
|---|---|---|---|
| Title | DANETTE MULVANEY ET AL. v. CALIFORNIA HIGHWAY PATROL ET AL. | | |

Present: The Honorable    **CHRISTINA A. SNYDER**

| Catherine Jeang | Laura Elias | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:

     Alan Vertun

     Burton Jacobson

Attorneys Present for Defendants:

     Evan Sorem

**Proceedings:**     DEFENDANT'S MOTION TO DISMISS (Dkt. 31, filed on January 16, 2018)

## I. INTRODUCTION

On May 23, 2017, plaintiffs Danette Mulvaney, Anita L. Evans, and Della Smith filed a complaint in the instant action against defendants California Highway Patrol ("CHP"), Deborah D. Garcia, John Perry, CHP Captain Tom Harvey McCreary, CHP Captain Merrit Mielke, CHP Lieutenant Shann Setter, CHP Captain Patrick Rowe, and Does 1 to 25.[1] Dkt. 1 ("Compl."). The gravamen of plaintiffs' complaint is that defendants have violated plaintiffs' constitutional rights in violation of 42 U.S.C. § 1983 ("section 1983") and created a hostile workplace in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII").

Defendants filed an answer to the complaint on August 23, 2017, dkt. 16, and filed a motion for judgment on the pleadings on September 29, 2017, dkt. 20. The Court granted defendants' motion for judgment on the pleadings and provided plaintiffs thirty days leave to amend, dkt. 26 ("Order"), finding that (1) Smith's and Mulvaney's claims were time-barred; (2) the CHP is absolutely immune from suit in federal court; (3) the individual defendants could not be sued in their official capacities; and (4) plaintiffs failed to demonstrate that they were part of a protected class with respect to their Title VII claims. Order at 5-6.

---

[1]     The Court subsequently dismissed Doe defendants 11 through 25 on August 31, 2017. Dkt. 18.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 5:17-cv-01044-CAS(KSx) | Date | February 26, 2018 |
| Title | DANETTE MULVANEY ET AL. v. CALIFORNIA HIGHWAY PATROL ET AL. | | |

On January 2, 2018, plaintiffs filed the operative First Amended Complaint. Dkt. 28 ("FAC"). On January 16, 2018, defendants filed the instant Rule 12(b)(6) motion to dismiss, dkt. 31 ("MTD"), and also filed a request for judicial notice of Mulvaney's and Smith's Department of Fair Employment and Housing ("DFEH") Right to Sue Letter, dkt. 31-2.[2] On February 1, 2018, plaintiff filed their opposition, dkt. 32 ("Opp'n"), and defendants filed a reply on February 12, 2018, dkt. 33 ("Reply").

The Court held a hearing on February 26, 2018.[3] Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.     BACKGROUND

Plaintiffs allege the following facts.

Plaintiffs are three call center dispatchers who assert three claims—one on behalf of each plaintiff—for civil rights violations in violation of 42 U.S.C. § 1983 ("section 1983"). FAC ¶ 2. Mulvaney and Smith each assert additional claims under Title VII of Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII") for hostile work environment. Plaintiffs are public safety dispatchers, employed by the CHP. Id. ¶ 2. Individual defendants Garcia and Perry are also public safety dispatchers and are the immediate supervisors of plaintiffs. Id. ¶¶ 5, 6. Individual defendants McCreary, Mielke, Setter, and Rowe are allegedly sworn peace officers and employees, agents, policy-makers, and representatives of the CHP. Id. ¶¶ 4. All individually named parties are employed by the CHP at the Communications Center in Barstow. Id. ¶¶ 4–7.

Plaintiffs allege that all individually named defendants were CHP employees who acted within the course and scope of their employment, and that their allegedly wrongful acts flow from the exercise of their authority and were done with the permission and authority of their co-defendants. Id. ¶¶ 5, 7, 11. Plaintiffs allege that each individual

---

[2]      Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." Mack v. South Bay Beer Distrib., 798 F.2d 1279, 1282 (9th Cir. 1986). Accordingly, the Court takes judicial notice of the DFEH public records relating to Mulvaney and DFEH Charge No. 567932-161510 contained in Exhibit A of defendants' request for judicial notice. Dkt. 31-2 & Ex. A.

[3]      At the hearing, plaintiffs' counsel chose not to offer oral argument and instead indicated that they would submit on the Court's tentative order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 5:17-cv-01044-CAS(KSx) | Date | February 26, 2018 |
| Title | DANETTE MULVANEY ET AL. v. CALIFORNIA HIGHWAY PATROL ET AL. | | |

named as a defendant is sued in their individual and official capacity, and also allege that CHP is responsible for the conduct of its officers and employees. Id. ¶ 9.

Plaintiffs further allege that defendants harassed, brutalized, bullied, intimidated, and caused a great deal of stress leading to assaults and batteries towards plaintiffs. Id. ¶ 12. Plaintiffs assert that Garcia and Perry repeatedly used profanities towards plaintiffs and created a hostile work environment, all of which violated the rights of each plaintiff. Id. ¶¶ 14–16.

Last, plaintiffs Mulvaney and Smith allege hostile work environment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. Id. ¶¶ 55, 64. Both claims are based on "violations of the civil rights of plaintiff." Id.¶¶ 56, 68.

## III.   LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.' " Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 5:17-cv-01044-CAS(KSx) | Date | February 26, 2018 |
|---|---|---|---|
| Title | DANETTE MULVANEY ET AL. v. CALIFORNIA HIGHWAY PATROL ET AL. | | |

non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). This policy is applied with "extreme liberality." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990); Moss v. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV. DISCUSSION

### A. Plaintiffs' Claims Against the CHP

Plaintiffs assert section 1983 and Title VII claims against the CHP, premised on violations of the "constitutional right[] to be free from assaults and batteries," and an "extremely hostile work environment" as demonstrated by these alleged constitutional violations. See FAC ¶ 21, 44, 55.

As an initial matter, there are salient differences between the purposes of section 1983 and Title VII. Section 1983 addresses a variety of federal constitutional and statutory claims—a large percentage of which deal with some form of police misconduct—though constitutional claims encompassing discrimination in public employment on the basis of race, discharge without procedural due process, mistreatment of schoolchildren, and deliberate indifference to the medical needs of prison inmates are also common. See Martin A. Schwartz, Sec. 1983 Litig. Claims & Defenses, § 1.01. In particular, section 1983 was enacted to create a federal remedy that "protects the people from unconstitutional action under color of state law." Id. § 1.03. Accordingly, section 1983 is intended to address situations where an individual acts under color of law and deprives another of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983. With respect to Title VII, Congress enacted the statutory scheme to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 5:17-cv-01044-CAS(KSx) | Date | February 26, 2018 |
| Title | DANETTE MULVANEY ET AL. v. CALIFORNIA HIGHWAY PATROL ET AL. | | |

prohibit discriminatory employment practices on the basis of race, color, religion, sex, or national origin. 78 A.L.R. Fed. 492 §2 (2011).

At bottom, plaintiffs' allegations appear to be in the nature of employment claims insofar as the alleged verbal assaults give rise to a hostile work environment. Nevertheless, despite plaintiffs' allegations that appear to demonstrate violations of their rights in the workplace, the Court will address plaintiffs' allegations under both sections 1983 and Title VII.[4]

### 1. Whether Sovereign Immunity Bars Plaintiffs' Section 1983 Claims

Defendants contend that plaintiff's section 1983 claims should be dismissed as to the CHP due to the doctrine of sovereign immunity. Motion at 6–7.

The Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted by one of the United States or by Citizens of another State." Moreover, the United States Supreme Court has explained that each state is not amenable to suit by an individual without the state's consent. Seminole Tribe, 517 U.S. at 54 (citing Hans v. Louisiana, 134 U.S. 1 (1890)). This immunity applies to state agencies as well as the states themselves. Fund for Animals, Inc. v. Lujan, 962 F.2d 1391, 1397 (1992). Here, plaintiffs assert claims against the CHP, which is as a state agency of California. See FAC ¶ 9. Because the state of California has not consented to suit, and because CHP is a state agency, the CHP is absolutely immune from suit in federal court. O'Leary v. California Highway Patrol, 923 F.2d 862 (9th Cir. 1991) ("Because the CHP is a state agency … and the State of California has not consented to suit … both the State and the CHP enjoy sovereign immunity and cannot be sued under section 1983."); see Monterey Bay Confederation of Clubs v. City of Santa Cruz, No. 13-CV-01231-LHK, 2013 WL 6698400, at *1 (N.D. Cal. Dec. 19, 2013); McCain v. Cal. Highway Patrol, No. 11–1265, 2011 WL 3439225, at *3 (E.D. Cal. Aug. 4, 2011); May v. Cal. Highway Patrol, No. 09–3460, 2010 WL 234868, at *1 (N.D. Cal. Jan. 14, 2010); Vierria v. Cal. Highway Patrol,

---

[4] The Court may properly address claims under both statutory schemes insofar as the Ninth Circuit has concluded that Title VII does not preempt an action under section 1983 for alleged violations of the Fourteenth Amendment. See Roberts v. College of the Desert, 870 F.2d 1411 (9th Cir. 1988).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 5:17-cv-01044-CAS(KSx) | Date | February 26, 2018 |
| Title | DANETTE MULVANEY ET AL. v. CALIFORNIA HIGHWAY PATROL ET AL. | | |

644 F. Supp. 2d 1219, 1232 (E.D. Cal. 2009). Accordingly, the Court finds that plaintiffs' claims against the CHP are barred under the Eleventh Amendment. The Court **DISMISSES with prejudice** plaintiffs' section 1983 claims against the CHP, given that these claims are barred as a matter of law and leave to amend would be futile.

### 2. Whether Plaintiffs State a Claim for Relief under Title VII

Mulvaney and Smith allege hostile work environment in violation of Title VII, premised on their alleged "constitutional rights to be free from assaults and batteries." FAC ¶¶ 52, 62. The Court finds that plaintiffs may properly assert their Title VII claims against the CHP, as state and local governments are subject to liability under Title VII. Blake v. City of Los Angeles, 595 F.2d 1367, 1373 (9th Cir. 1979).

To maintain a Title VII claim, Title VII requires that a claim with the Equal Employment Opportunity Commission ("EEOC") must be filed within 180 days of the discriminatory employment practice or, if the employee first instituted proceedings with a state agency such as the Department of Fair Employment and Housing ("DFEH"), within 300 days of the discriminatory practice. 42 U.S.C. § 2000e–5(e)(1); Surrell v. Cal. Water Serv., 518 F.3d 1097, 1104 (9th Cir. 2008). For hostile work environment claims of a continuing nature, the aggrieved employee must allege "at least one discrete act had occurred within the 300–day time frame." Arizona ex rel. Horne v. Geo Grp., Inc., 816 F.3d 1189, 1202 (9th Cir. 2016) (citation omitted). Failure to file charges within this time frame will usually operate to bar an individual from bringing a lawsuit for failure to exhaust administrative remedies. See id. (citing Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393–94 (1982)).

Defendants contend that Smith and Mulvaney cannot maintain a Title VII action because they failed to timely file a charge of employment discrimination with DFEH or the EEOC before commencing this action. MTD at 14. In opposition, plaintiffs state that they filed "their applications under Title VII in a timely fashion and within the statutory period" and that defendants' motion constitutes a "speaking motion" because it asks the Court to improperly consider attached exhibits. Opp'n at 14.

The Court may properly consider exhibits submitted with and alleged in the FAC. See In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999). Attached to the FAC, plaintiffs submit (1) Mulvaney's October 3, 2017 "Notice of Case Closure and Right to Sue" DFEH letter, and (2) Smith's December 18, 2017 "Notice of Case

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 5:17-cv-01044-CAS(KSx) | Date | February 26, 2018 |
| Title | DANETTE MULVANEY ET AL. v. CALIFORNIA HIGHWAY PATROL ET AL. | | |

Closure and Right to Sue" DFEH letter. FAC & Ex. 1. Moreover, the Court has judicially noticed the DFEH public records submitted with defendants' motion to dismiss, which include (3) Mulvaney's July 12, 2017 DFEH complaint. See dkt. 31-2 & Ex. A.

Upon review of the judicially-noticed exhibits and the exhibits attached to the FAC, it appears that Mulvaney first filed her complaint with the DFEH on July 12, 2017. See RJN & Ex. A. Because the DFEH and the EEOC have a work-sharing agreement, whereby a complaint filed with the EEOC will automatically be filed with the DFEH, Rodriguez v. Airborne Express, 265 F.3d 890, n.9 (9th Cir. 2001), Mulvaney's July 12, 2017 DFEH complaint was required to be filed within 300 days of the last alleged discriminatory practice. Yet Mulvaney alleges that Garcia's and Perry's most recent acts against her occurred in August 2014. FAC ¶¶ 47–49. Accordingly, Mulvaney's July 12, 2017 DFEH complaint—filed nearly three years after August 2014—was filed well outside of the 300-day timeframe and is therefore untimely. Moreover, the record demonstrates that Mulvaney did not obtain a right to sue letter from the DFEH until October 3, 2017, months after the May 23, 2017 filing date of the instant action. See Surrell, 518 F.3d 1097, 1105 (9th Cir. 2008) ("[W]here ... a plaintiff is entitled to receive a right to sue letter from the EEOC, a plaintiff may proceed absent such a letter, *provided* she has received a right to sue letter from the appropriate state agency.") (emphasis added). Therefore, because Mulvaney initiated the instant Title VII claim without a right to sue letter from either the EEOC or the DFEH, and because her DFEH complaint was filed more than 300 days after the alleged August 2014 discriminatory act, the Court finds that Mulvaney has failed to exhaust her administrative remedies with respect to her Title VII claim against the CHP.

With respect to Smith's Title VII claim, the most recent allegations involving named individual defendants occurred on Smith's last day before her June 1, 2015 transfer to the Los Angeles Communications Center, when "Garcia told her that she would never make it at the [Los Angeles Communications Center]." FAC ¶ 30. Plaintiffs do not provide the Court with a copy of Smith's DFEH complaint, and thus there is nothing to indicate that a DFEH complaint was filed within 300 days of June 1, 2015, i.e., the last identified act of discrimination. Instead, Smith's December 18, 2017 "Notice of Case Closure and Right to Sue" letter provides that her complaint "has been closed effective December 18, 2017 because an immediate right to sue notice was requested." See FAC & Ex. 1. Yet, Title VII actions *cannot proceed in federal court* unless a charge of discrimination has first been filed and the plaintiff *acts upon a notice*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'  JS-6** |
|---|---|---|---|
| Case No. | 5:17-cv-01044-CAS(KSx) | Date | February 26, 2018 |
| Title | DANETTE MULVANEY ET AL. v. CALIFORNIA HIGHWAY PATROL ET AL. | | |

*of right to sue*. E.E.O.C. v. Dinuba Medical Clinic, 222 F.3d 580 (9th Cir. 2000); Myers-Desco v. Lowe's HIW, Inc., 484 Fed. Appx. 169 (9th Cir. 2012) (citing Alexander v. Gardener-Denver Co., 415 U.S. 36, 47 (1974)). Because Smith filed the instant Title VII claim on May 23, 2017, nearly seven months *before* Smith received her December 18, 2017 right to sue letter, the Court finds that Smith has failed to exhaust her administrative remedies with respect to her Title VII claim against the CHP.

In any event, to maintain a Title VII claim against the CHP for hostile work environment, Smith and Mulvaney must allege that (1) they were subjected to verbal or physical conduct based on their protected class, (2) the conduct was unwelcome, and (3) the conduct was sufficiently severe or pervasive as to alter the conditions of employment. See Surrell, 518 F.3d 1097 at 1108 (citing Manatt v. Bank of America, NA, 339 F.3d 792, 798 (9th Cir. 2003)). Specifically, Smith and Mulvaney must identify their protected class and must allege that defendants' conduct towards them was due to their membership in such protected class. See Surell, 518 F.3d at 1108. Yet here, Smith and Mulvaney fail to cure the deficiencies identified in the Court's prior Order because they fail to allege their membership in a protected class and the ways in which defendants' alleged conduct was because of their membership in a protected class. See Order at 6–7. Instead, they allege that their Title VII claims for hostile work environment are premised on "violation of the[ir] civil rights." FAC ¶ 56, 65. Because plaintiffs fail to allege their membership in a protected class, the Court concludes that plaintiffs fail to adequately allege violations of Title VII. See Ng v. Paulson, No. CV 09-3954-AG, 2009 WL 8587896, at *3 (C.D. Cal. Sept. 15, 2009) (dismissing complaint because plaintiff failed to establish membership in a protected class or conduct related to plaintiff's protected class). Accordingly, the Court **GRANTS** defendants' motion to dismiss plaintiffs' Title VII claims against the CHP.

## B. Plaintiff's Claims Against the Individual Defendants

### 1. Whether Sovereign Immunity Bars Plaintiff's Section 1983 Claims

Plaintiffs also assert section 1983 claims against individual defendants CHP Captain McCreary; CHP Captain Mielke; CHP Lieutenant Setter; CHP Caption Rowe; CHP Public Safety Dispatcher Supervisor Garcia; and CHP Public Safety Dispatcher Supervisor Perry. FAC ¶¶ 4–7. Just as the Eleventh Amendment bars claims against the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 5:17-cv-01044-CAS(KSx) | Date | February 26, 2018 |
| Title | DANETTE MULVANEY ET AL. v. CALIFORNIA HIGHWAY PATROL ET AL. | | |

CHP, the Eleventh Amendment bars claims against CHP officers and employees sued in their *official* capacities for money damages.[5] See O'Leary, 923 F.2d 862 (9th Cir. 1991) ("[T]he eleventh amendment bars [plaintiff's] claims against the CHP officers sued in their official capacities for monetary damages") (citing Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 101 (1984)); Baker v. State of California Highway Patrol, No. 13–CV–00073-MEJ, 2013 WL 4427199, at *7 (N.D. Cal. Aug. 14, 2013), aff'd sub nom. Baker v. California Highway Patrol, 601 F. App'x 556 (9th Cir. 2015) ("Actions against state officials in their official capacities are treated as suits against the State, and are therefore generally barred by the Eleventh Amendment….This principle is applicable to lawsuits against CHP employees in their official capacities.") Di Bartelo v. Scott, No. CV 12–CV–00259-DSF, 2012 WL 3229385, at *3 (C.D. Cal. June 20, 2012), report and recommendation adopted, No. 12–CV–00259–DSF, 2012 WL 3229301 (C.D. Cal. Aug. 6, 2012) (same). Here, plaintiffs assert claims against each aforementioned individual defendant in "their individual and personal capacity as well as their official capacity." FAC ¶ 9. Plaintiffs further clarify in their opposition that they only wish to sue defendants in their official—not individual—capacities, and ask that the Court strike the word "individually" from the FAC.[6] Opp'n at 2. Accordingly, because plaintiffs assert

---

[5] Although plaintiffs do not request injunctive relief, the Eleventh amendment does not bar claims against state officials in their official capacities for *prospective injunctive relief* in order to "end a continuing violation of federal law." Seminole Tribe of Florida v. Florida, 517 U.S. 44, 73 (1996).

[6] Plaintiffs argue that Monell v. Dept. of Social Services of the City of New York, 436 U.S. 691 (1978) is applicable to the instant action, and that the CHP and the individual defendants are not immune from suit because plaintiffs have adequately alleged the "existence of a custom or informal policy with evidence of repeated constitutional violations to which errant officials were not discharged or reprimanded." Opp'n at 8 (citing Monell for the proposition that local governments do not have immunity where an official policy is the moving force behind a constitutional violation). However, the Court observes that Monell liability is inapplicable to the instant action because the CHP is not a local or municipal government entity, and is instead recognized as a *state* agency that is entitled to absolute immunity. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 70 (1989) (explaining that States are protected by the Eleventh Amendment while municipalities are not, and noting that Monell is limited to "local government units," which are not considered part of the State for Eleventh Amendment purposes); Long v. Hannigan, 990 F.2d 1258 ("While the Monell doctrine may be applied

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 5:17-cv-01044-CAS(KSx) | Date | February 26, 2018 |
| Title | DANETTE MULVANEY ET AL. v. CALIFORNIA HIGHWAY PATROL ET AL. | | |

section 1983 claims against the individual CHP defendants in their official capacities, the Court finds that these claims are barred by the Eleventh Amendment.

### 2. Whether Plaintiffs' Section 1983 Claims Are Time-Barred

Assuming arguendo that plaintiffs' section 1983 claims are brought against the individual defendants in their individual capacities, the Court finds that Mulvaney's claims appear to be time-barred, notwithstanding the additional pleadings in the FAC. For any claim brought under 42 U.S.C. § 1983, the forum state's statute of limitations controls. Section 1983 actions asserted in California are subject to a two-year statute of limitations. Owens v. Okure, 488 U.S. 235, 250 (1989) (the statute of limitations for a section 1983 claim is determined by borrowing the forum state's statute of limitations for personal injury claims); Cal. Code Civ. Proc. § 335.1 (prescribing two-year statute of limitations for personal injury claims). To determine whether plaintiffs filed their claims within the applicable statutory limitations period, the Court must first determine when plaintiffs' claims accrued. Under governing federal law, "a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Knox v. Davis, 260 F.3d 1009, 1013 (9th Cir. 2001) (internal quotation marks and citation omitted).

With respect to the alleged harassment that Mulvaney experienced, Garcia and Perry allegedly prohibited Mulvaney from expressing her complaints about their behavior to command staff and would berate Mulvaney and chastise her beginning on or around October 31, 2013. Id. ¶¶ 45, 48. Mulvaney alleges that "as a result of the numerous verbal assaults by Garcia and Perry, [Mulvaney] [took disability leave] beginning in August 2014." Id. ¶ 49. The next and most recent incidents allegedly occurred in April 2016 when an individual named "Lt. Pena" ordered Mulvaney to return to work from her disability leave and also sent her a distressing email. Id. ¶¶ 49, 50. However, it appears that the alleged April 2016 incidents do not involve personal conduct by any of the

---

against municipal entities, the Eleventh Amendment bars its application against state entities."); O'Leary v. California Highway Patrol, 923 F.2d 862 (9th Cir. 1991) ("Because the CHP is a state agency … and the State of California has not consented to suit … both the State and the CHP enjoy sovereign immunity and cannot be sued under section 1983.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 5:17-cv-01044-CAS(KSx) | Date | February 26, 2018 |
| Title | DANETTE MULVANEY ET AL. v. CALIFORNIA HIGHWAY PATROL ET AL. | | |

named defendants. Accordingly, with respect to Mulvaney, the most recent alleged behavior from named defendants appears to have occurred in August 2014.

In light of the nature of Garcia's and Perry's alleged assaults, the Court finds that Mulvaney knew of her injuries arising from the alleged verbal assaults at the time the alleged verbal assaults occurred between October 31, 2013 and August 2014. Given that plaintiffs filed the instant action on May 23, 2017, more than two years after the August 2014 alleged verbal assaults against Mulvaney, it appears that Mulvaney's claims are time-barred under the applicable two-year limitation.[7]

### 3. Whether Plaintiffs Have Stated a Claim for Relief under Section 1983

Assuming arguendo that Mulvaney's claims are not time-barred and that plaintiffs' claims are asserted against the individual defendants in their individual capacities, section 1983 creates a cause of action against any person who, acting under color of state law, abridges rights established by the Constitution or laws of the United States. Henderson v. City of Simi Valley, 305 F.3d 1052, 1056 (9th Cir. 2002). Accordingly, to plead a section 1983 claim, plaintiffs must allege (1) that defendants violated their federal civil rights and (2) that they acted under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Baker v. McCollan, 443 U.S. 137, 140 (1979).

Here, the Court observes that plaintiffs fail to allege any personal acts, lawful or unlawful, by defendants McCreary, Mielke, Setter, or Rowe. See FAC. Because plaintiffs fail to allege any personal acts by defendants McCreary, Mielke, Setter, and Rowe, the Court finds that plaintiffs fail to allege conduct that demonstrates that these defendants violated plaintiffs' civil rights. See Buckley v. Gomez, 36 F. Supp. 2d 1216, 1221 (S.D. Cal. 1997) ("[T]o avoid section 1983's respondeat superior bar, the plaintiff must allege personal acts by the defendants which have a direct causal connection to the constitutional violation at issue."). Accordingly, the Court finds that plaintiffs fail to

---

[7] Evans and Smith, unlike Mulvaney, allege conduct by Perry and Garcia that occurred on January 6, 2017 and during the months prior to June 2015, respectively. FAC ¶¶ 22–24, 37, 40. Accordingly, assuming arguendo that Evans and Smith properly allege claims against Perry and Garcia in their individual capacities, the Court finds for purposes of the instant motion that Evans's and Smith's claims are timely.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 5:17-cv-01044-CAS(KSx) | Date | February 26, 2018 |
| Title | DANETTE MULVANEY ET AL. v. CALIFORNIA HIGHWAY PATROL ET AL. | | |

state a claim for relief under section 1983 with respect to McCreary, Mielke, Setter, and Rowe.

With respect to individual defendants Perry and Garcia, plaintiffs allege that they acted in violation of plaintiffs' right to be "free from assaults" under the Fourteenth Amendment. FAC, ¶¶ 31, 41, 44, 50, 51. Defendants argue that plaintiffs fail to allege violations of a constitutional right upon which to predicate their section 1983 claims, and contend that there is no constitutional right to be free from "the sort of workplace verbal interactions" alleged. MTD at 8. Defendants further contend that plaintiffs' allegations amount to no more than a "clash of personalities" for which there is no constitutional protection. MTD at 8-9. In opposition, plaintiffs contend that the right to be free from assault is protected under the Constitution, and particularly the Fourteenth Amendment.[8] Opp'n at 9–11.

It appears that the gravamen of plaintiffs' claims against Perry and Garcia relate to alleged violations of various rights in the workplace. For example, plaintiffs allege that Perry and Garcia "repeatedly assaulted plaintiffs by using profanities towards the plaintiffs, were constantly hollering, screaming, yelling, cursing, demeaning, being rude and threatening, orally and in written memorandums and reports inaccurately or falsely accusing each of the plaintiffs of poor work performances." FAC ¶ 12. Plaintiffs further allege that Perry and Garcia placed "their hand over [Smith's] hand" on the computer mouse and threw paperwork at Smith. Id. ¶¶ 21, 22. Yet, as a general matter, "[v]erbal harassment or abuse … is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983," and neither is the sort of unwanted touching alleged here.[9] See

---

[8] Plaintiffs rely on Robles v. Agreserves, Inc., 158 F. Supp. 3d 952 (E.D. Cal 2016) as recognizing a right "to peace of mind, and to live without fear of personal harm" and on Cal. Civ. Code § 43. Opp'n at 11. However, neither authority suggests that the United States Constitution grants a right to be free from the type of verbal assault and unwanted touching alleged here, as these authorities instead address "civil assault" as defined by California law.

[9] Not every use of force by a state employee constitutes a violation of a person's constitutional rights, and as the Supreme Court noted in Baker v. McCollan, 443 U.S. 137, 145–46, (1979), an action such as an assault or battery—even though it might rise to the level of state law tort—does not automatically present a section 1983 claim actionable in federal court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 5:17-cv-01044-CAS(KSx) | Date | February 26, 2018 |
| Title | DANETTE MULVANEY ET AL. v. CALIFORNIA HIGHWAY PATROL ET AL. | | |

Oltarzweski v. Reuggiero, 830 F.2d 136, 139 (9th Cir. 1987) (upholding a district court's grant of summary judgment for the defendant in a section 1983 action based on the defendant's use of vulgar language towards the plaintiff); see also Paul v. Davis, 424 U.S. 693, 701(1976) (rejecting the notion that the Fourteenth Amendment confers a right to be free from injury and observing that this notion is as an "attempt to derive from congressional civil rights statutes a body of general federal tort law").

Because plaintiffs' allegations against Perry and Garcia are premised on alleged workplace violations that include unwanted touching and verbal harassment, these allegations are not sufficient to state a constitutional deprivation under 42 U.S.C. section 1983. Accordingly, the Court **GRANTS** defendants' motion to dismiss plaintiffs' section 1983 claims as against the individual defendants.

### 4.   Plaintiff's Title VII Claims against the Individual Defendants

Smith and Mulvaney allege hostile work environment claims under Title VII against the individual defendants. Compl. ¶¶ 55, 59, 64. Because Smith and Mulvaney have failed to exhaust their administrative remedies with respect to their Title VII claims—as set forth in the Court's analysis above—they do not have federal court standing to assert Title VII claims as against the individual defendants.

Assuming arguendo that plaintiffs had exhausted their administrative remedies, plaintiffs are nevertheless precluded from asserting that their supervisors or coworkers are individually liable under Title VII, and thus, plaintiffs' Title VII claims as to the individual defendants—who are alleged to be plaintiffs' supervisors—must be dismissed.[10] See Craig v. M&O Agencies, Inc., 496 F.3d 1047, 1058 (9th Cir. 2006) ("We have long held that Title VII does not provide a separate cause of action against supervisors or co-workers"); Miller v. Maxwell's Int'l, Inc., 991 F.2d 583, 587-88 (9th

---

[10]   The Court recognizes that there are limited circumstances where an individual supervisor may be held individually liable under Title VII—for example, when a plaintiff alleges that an individual supervisor sexually harassed her. In those circumstances, the supervisor's conduct is not within the scope of employment and, accordingly, the supervisor may be individually liable for sexual harassment under Title VII. See Hathaway v. Multnomah Cty. Sheriff's Office, 123 F. App'x 806, 810 (9th Cir. 2005). These circumstances are not applicable to the instant case insofar as plaintiffs do not allege that any of the individual defendants engaged in sexual harassment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 5:17-cv-01044-CAS(KSx) | Date | February 26, 2018 |
| Title | DANETTE MULVANEY ET AL. v. CALIFORNIA HIGHWAY PATROL ET AL. | | |

Cir. 1991) (holding that Congress did not intend to impose individual liability on employees under Title VII). Title VII claims are, however, properly brought against individual defendants acting in their *official* capacities. See Miller, 991 F.2d 583 at 587. Accordingly, insofar as Smith and Mulvaney allege Title VII claims against the individual defendants in their official capacities, these claims are permissible. Yet, for the same reasons identified above, Smith and Mulvaney fail to state claims for relief under Title VII because they fail to demonstrate their membership in a protected class. Therefore, the Court concludes that plaintiffs fail to adequately allege violations of Title VII. See Ng v. Paulson, No. CV 09-3954-AG, 2009 WL 8587896, at *3 (C.D. Cal. Sept. 15, 2009) (dismissing complaint because plaintiff failed to establish membership in a protected class or conduct related to plaintiff's protected class). Accordingly, the Court **GRANTS** defendants' motion to dismiss plaintiffs' Title VII claims as against all defendants.

## V. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** defendants' motion to dismiss plaintiffs' section 1983 claims against all defendants. Given that the Eleventh Amendment bars plaintiffs' claims for money damages against the CHP and against the individual CHP officers and employees in their official capacities, the Court concludes that these claims are foreclosed as a matter of law and that amendment to the FAC would be futile. The Court therefore dismisses plaintiffs' section 1983 claims for money damages against the CHP and against the individual defendants in their individual capacities **with prejudice**.

The Court **GRANTS** defendants' motion to dismiss Smith's and Mulvaney's Title VII claims against all defendants. Insofar as Smith and Mulvaney failed to timely exhaust their administrative remedies, their Title VII claims fail as a matter of law. Because amendment to the FAC could not cure the deficiencies with respect to administrative exhaustion, the Court dismisses Smith's and Mulvaney's Title VII claims against all defendants **with prejudice.**

IT IS SO ORDERED.

| | 00 : 04 |
|---|---|
| Initials of Preparer | CMJ |